FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
5/12/2023 3:06 PM
JAMIE SMITH
DISTRICT CLERK
23DCCV0398

CAUSE NO. _____

| | | |
|---|---|---|
| HOPE TURNBOW, | § § § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § § | |
| v. | § § | |
| BURLINGTON COAT FACTORY TEXAS, INC. D/B/A BCFOTX, INC., | § § § | JEFFERSON COUNTY, TEXAS |
| *Defendant.* | § § § § § | JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff **Hope Turnbow** ("Plaintiff" or "Turnbow"), and files this her *Original Petition* against Defendant **Burlington Coat Factory of Texas, Inc. d/b/a BCFOTX, Inc.** ("Burlington" or "Defendant") and for cause of action Plaintiff would respectfully show unto the Court as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiff intends discovery to be conducted pursuant to Level 3, as set forth and governed by the TEXAS RULES OF CIVIL PROCEDURE, and affirmatively pleads that this suit is not governed by the expedited-actions process in TEXAS RULE OF CIVIL PROCEDURE 169 because Plaintiff seeks monetary relief over $100,000.

### II. CLAIM FOR RELIEF

Although the amount of damages to be awarded to Plaintiff is a matter lying largely within the discretion of the jury, Texas law forces Plaintiff, at the outset of litigation, to state a

Copy from re:SearchTX

specific amount of damages or else be denied discovery and progression of the case. Recognizing that the jury and this Honorable Court are the ultimate arbiters of the amount to be awarded and because Texas law forces Plaintiff to plead an amount at this early stage, Plaintiff seeks monetary relief over $1,000,000[1]; Plaintiff fully reserves right to supplement this petition and, if necessary, amend this amount.

### III.    PARTIES

Plaintiff **Hope Turnbow ("Plaintiff" or "Turnbow")** is a resident of Jefferson County, Texas.

Defendant **Burlington Coat Factory of Texas, Inc. d/b/a BCFOTX, Inc. ("Burlington")** is a foreign corporation organized and existing under the laws of Florida. Burlington's principal office is located at 1830 N. Route 130, Burlington, Burlington County, New Jersey 08016–3020. Burlington is authorized to do business in Texas and may be served with process by serving its registered agent for service of process, C T Corporation System, in Dallas County, Texas at 1999 Bryan St., Suite 900, Dallas, Dallas County, Texas 75201.

### IV.    VENUE

Venue is proper in Jefferson County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1) because all or a substantial part of the events or omissions giving rise to this action occurred in Jefferson County, Texas.

### V.    JURISDICTION

This Court has jurisdiction over the subject matter of this premises lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements. This Court may exercise personal jurisdiction over Defendant **Burlington**, a nonresident corporation,

---

[1] *See* TEX. R. CIV. P. 47(c)(4).

Copy from re:SearchTX

because Defendant **Burlington** committed the tort described in detail below, which is the subject of this suit, in whole or in part, in Texas. Further, the Court has personal jurisdiction over Defendant **Burlington** purposefully availed itself of the privileges and benefits of conducting business in Texas through Burlington Coat Factory (Beaumont #826), a department store located at 5855 Eastex Freeway, Beaumont, Jefferson County, Texas 77706.

## VI.     FACTS

This suit is brought by Plaintiff for those damages to which she is entitled to recover from Defendants as a result of her personal injuries sustained and suffered on or about December 30, 2022 at Defendant's premises in Beaumont, Texas – Burlington Coat Factory (Beaumont #826), 5855 Eastex Freeway, Beaumont, Jefferson County, Texas 77706.

At all times material hereto, Defendant owned, controlled, and/or operated the premises in question.

Further, at all times mentioned herein, Defendant had control over the premises in question and owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

Plaintiff entered upon said premises in response to an express or implied invitation by the Defendant, to wit, Burlington Coat Factory, a department store, which is located within Parkway Plaza, a retail property with stores and storefronts located on Eastex Freeway across Parkdale Mall.

While shoppping within Defendant's store, Plaintiff Turnbow, through no fault of her own, was, suddenly and without warning, struck by heavy boxes containing merchandise and that fell from an elevation of at least five (5) feet above the walking surface, such boxes making contact with Plainitff's person including, but not limited to, Plaintiff's head and neck.

This incident, and the injuries resulting therefrom, were brought about to occur and were proximately caused by the negligence of the Defendant.

### VII.   PREMISES LIABILITY

Plaintiff hereby adopts by reference the allegations contained in Section VI ("Facts") hereinabove, and incorporates the allegations as if fully set forth at length herein.

Plaintiff entered Defendant's premises as a business invitee in response to Defendants' invitation and for their mutual benefit.[2]

A condition on Defendant's premises posed an unreasonable risk of harm. Specifically, the aforementioned boxes were positioned or stacked in an unsafe manner, such posing a crushing, falling, gravity, or, more generally, an injury hazard to persons including, but not limited to, customers, employees, and, necessarily, Plaintiff.

Said Defendant and/or its agents, employees, represenatives, and/or servants negligently, willfuly, and/or knowingly permitted the area in question to become dangerous (the placement or position of the boxes); negligently, willfully, and or knowingly allowed such condition to continue; and negligently, willfully, and/or knowingly failed to warn Plaintiff of the dangerous conditon. This condition existed despite the fact that Defendant and/or its agents, employees, represenatives, and/or servants knew or should have known of the existence of the aforementioned condition and that there was a likelihood of a person being injured as occurred to Plaintiff.

Defendant furthermore had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff. This duty includes the duty to inspect and the duty to warn or to cure. Defendants failed to inspect, warn, and/or cure the dagnerous condition at issue in this suit.

As a result of this incident, Plaintiff sustained severe injuries and damages, which will be set out more fully hereinafter. This incident and the resulting injuries were brought about to

---

[2] *Motel 6 G.P., Inc. v. Lopez*, 929 S.W.2d 1, 3 (Tex. 1996).

occur and were proximately caused by the negligence of the Defendant. The following non-exhaustive acts and omissions *including, but not limited to*, those below illustrate how Defendant was negligent:

    a. creating the dangerous condition;

    b. placing, positioning, and/or stacking the boxes in such a manner as to pose a hazard to persons located or positioned adjacent, below, beneath, or otherwise within an area of the boxes so as to be physically contacted (and injured) by the falling boxes;

    c. in failing to properly inspect and maintain the area in question;

    d. in failing to maintain the area in a reasonably safe condition;

    e. in failing to give adequate and understandable warnings to Plaintiff of the unsafe condition;

    f. in failing to discover and remove the dangerous condition within a reasonable time;

    g. in failing to use the care of a reasonable prudent person under the same or similar circumstances;

    h. in failing to place any warning signs or barricades; and

    i. in committing various other acts and/or omissions of negligence, both statutorily and at common law, to be specified at the time of trial.

### VIII. NEGLIGENCE

Plaintiff hereby adopts by reference the allegations contained in Section VI ("Facts") and Section VII ("Premises Liablity") hereinabove, and incorporates the allegations as if fully set forth at length herein.

In addition and/or in the alternative to other counts, Plaintiff's injury was the result of Defendant's negligence.

Defendants owed a legal duty to Plaintiff and the general public general duty to exercise reasonable care to avoid foreseeable injury to others.[3]

---

[3] *Nguyen v. Sephora USA*, No. 14-13-01017-CV, 2014 Tex. App. LEXIS 9479 at 5 (Tex. App.—Houston [14th Dist.] Aug. 26, 2014) (citing *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex. 1987), superseded by statute on other grounds, *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 684-85 (Tex. 2007).

All of the acts, wrongs, and/or omissions, as well as various other acts, wrongs, and/or omissions on the part of the Defendant, including, but not limited to, the position, placement, or stacking of boxes in such a manner as to pose a hazard to persons located or positioned adjacent, below, beneath, or otherwise within an area of the boxes so as to be physically contacted (and injured) by the falling boxes constitutes breach of the duty owed to Plaintiff and was the proximate cause of the resulting damages and injuries suffered to and by the Plaintiff.

### IX.  DAMAGES

As a result of this incident Plaintiff has sustained the following injuries, damages, and losses:

a. Reasonable and necessary medical and other health care related expenses, assistance, and treatment in the past and future attributable to the injuries inflicted upon the Plaintiff as described herein;

b. Physical pain and suffering, both past and future;

c. Mental anguish, both past and future;

d. Physical impairment, both past and future;

e. Physical disfigurement, both past and future;

f. Earnings, both past and future; and

g. Loss of earning capacity.

In addition, Plaintiff says that if it be shown that she had a pre-existing disease or condition, then she will show that the same was neither painful or disabling and that as a result of the injuries inflicted upon her by the negligence of Defendant, Plaintiff's disease(s) or condition(s), if any, were aggravated or incited to the extent that the same became painful, disabling and proximately caused the damages described above.

Plaintiff asserts a claim for pre-judgment and post-judgment interest for all elements of damages that such interest is allowed. Plaintiff also asserts a claim for court costs for all costs where such is allowed.

Copy from re:SearchTX

All of the above-listed elements of damages were brought about to occur and were proximately caused by the negligence of the Defendant herein.

## X.    CONDITIONS PRECEDENT

All conditions precedent to the maintenance of this action have been met or satisfied, in accordance with RULE 54 of the TEXAS RULES OF CIVIL PROCEDURE.

## XI.    JURY DEMAND

Plaintiff demands that this case be tried by jury, and that upon final hearing of such evidence that the jury return a verdict in conformity with the evidence in such an amount as within this Court's discretion that is just and reasonable, and tender the appropriate fee with this petition.

## XII.    REQUIRED DISCLOSURES

Plaintiff serves this notice for Required Disclosures to Defendant under the provisions of RULE 194 of the TEXAS RULES OF CIVIL PROCEDURE. Pursuant to TEX. R. CIV. P. 194, Defendant is required to disclose, within 30 days of filing an answer to this petition, the information or material described in 194.2(b).

## XIII.    RIGHT TO AMEND

Plaintiff fully reserves the right to amend or supplement this *Petition*.

## XIV.    SELF-AUTHENTICATION

This is given as notice to Defendant that Plaintiff intends to use all of Defendant's discovery responses as evidence at trial in accordance with such right and privileges established by TEXAS RULES OF CIVIL PROCEDURE 193.7.

## XV.    PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendant be cited to appear and answer herein as the law directs, and that upon final hearing, Plaintiff have and recover

Copy from re:SearchTX

judgment of and from the Defendant pursuant to the above and foregoing allegations in such amounts as hereinabove set out and as the evidence may show proper at the time of trial; together with pre-judgment and post-judgment interest thereon at the legal and lawful rate, costs of Court, and for such other and further relief, both general and special, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully Submitted,

**THE FERGUSON LAW FIRM, LLP**
3155 Executive Blvd.
Beaumont, Texas 77705
(409) 832-9700 – telephone
(409) 832-9704 – fax

By: /s/ Tripp Jones
Tripp Jones
State Bar No. 24097058
tjones@thefergusonlawfirm.com
agardner@thefergusonlawfirm.com
**ATTORNEY FOR PLAINTIFF**